IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

      Plaintiff,

  vs.

KEVIN L. GARRETT,

      Defendant.

Case No. 04-cr-40043-SMY

**MEMORANDUM AND ORDER**

This matter comes before the Court on counsel's Motion to Withdraw as Attorney (Doc. 1620). Attorney Todd M. Schultz entered his appearance on behalf of Defendant Kevin L. Garrett because it appeared he may be eligible for a sentence reduction as a result of Amendment 782. Counsel has now moved to withdraw because it has become clear to counsel there is no meritorious basis for obtaining a sentence reduction pursuant to Amendment 782 (Doc. 1620). *See Anders v. California*, 386 U.S. 738, 744 (1967). Neither the Government nor Defendant have responded.

Defendant pled guilty to conspiracy to manufacture and possession with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 846. Defendant's relevant conduct exceeded 15 kilograms of a mixture and substance containing methamphetamine resulting in a base offense level of 38. Defendant received a two-level increase for possessing a dangerous weapon and a three-level reduction for acceptance of responsibility. With a total offense level of 37 and a criminal history category of VI, Defendant's guideline sentencing range was 360 months to life. Defendant was sentenced to 360 months reduced by 44 months' time served on a related state sentence for a total sentence of 316 months' imprisonment.

Amendment 782 amended U.S.S.G. § 2D1.1 as of November 4, 2014, to lower some base offense levels associated with the drug quantities described in §§ 2D1.1 and 2D1.11. The relevant parts of Amendment 782 are retroactive.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

Defendant cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Defendant's relevant conducted included in excess of 96 kilograms of a mixture or substance containing methamphetamine. *See* PSR ¶ 55. As such, his relevant conduct still results in a base offense level of 38. *See* U.S.S.G. § 2D1.1. Thus, his guideline range has not been lowered, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction. *See United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011).

The Court therefore **GRANTS** counsel's Motion to Withdraw (Doc. 47).

**IT IS SO ORDERED.**

**DATED:** June 30, 2015

s/ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**

2