IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 04-CR-40043-SMY- |
| | ) |
| KEVIN L. GARRETT, | ) |
| | ) |
| Defendant. | ) |

## ORDER

On March 2, 2015, Attorney Todd Schultz entered his appearance on behalf of Defendant Kevin Garrett because it appeared that Defendant may be eligible for a sentence reduction as a result of Amendment 782 to the United States Sentencing Guidelines (Doc. 1616). Schultz subsequently filed a motion to withdraw after determining that there was no meritorious basis for Defendant to obtain a sentence reduction (Doc. 1620). The Court granted the motion, finding that Defendant could not satisfy the criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction. Specifically, Defendant was not sentenced to a term of imprisonment based on a sentencing range that had subsequently been lowered by the Sentencing Commission (Doc. 1652). Defendant has now moved the Court to reconsider the denial of a sentence reduction (Doc. 1657).

Defendant argues, without support, that Amendment 782 applies to his sentence and that he is entitled to a sentence of 248 months. Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." When Defendant was sentenced, his relevant conduct was determined to include in excess of 96 kilograms of a mixture or substance containing methamphetamine, which

resulted in a base offense level of 38. Even after the Amendment, Defendant's relevant conduct still results in a base offense level of 38. Given that his guideline range remains unchanged, Defendant is ineligible for a sentence reduction and the Court lacks jurisdiction to grant such relief. *See U.S. v. Irons*, 712 F.3d 1185, 1189 (7th Cir. 2013); *U.S. v. Forman,* 553 F.3d 585, 588 - 590 (7th Cir. 2009). Accordingly, the Motion for Reconsideration (Doc. 1657) is **DENIED**.

    **IT IS SO ORDERED.**

    **DATED:  November 21, 2016**

    **s/ Staci M. Yandle**
    **STACI M. YANDLE**
    **United States District Judge**